IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00338

| | |
|---|---|
| AMBER FUDELLA, | ) |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| PAYLOCITY CORPORATION, an Illinois Corporation, | ) |
| Defendant. | ) |

Plaintiff Amber Fudella (hereinafter "Fudella") complains and alleges as follows:

## PARTIES

1. Plaintiff Amber Fudella is a citizen and resident of Mecklenburg County, NC.

2. Defendant Paylocity Corporation ("Paylocity") is an Illinois corporation with its principal place of business in Illinois. It is authorized to do and is doing business in North Carolina. It has the capacity to sue and be sued. Its registered agent in North Carolina is CT Corporation System.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332, as the parties have diversity of citizenship, and the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Paylocity pursuant to Federal Rule of Civil Procedure 4(k)(1) and N.C.G.S. § 1-75.4 because, without limitation: Paylocity is engaged in substantial activity in North Carolina and this judicial district; this action arises out of injury to Fudella by acts or omissions of Paylocity within North Carolina and this judicial district; this

action arises out of injury to Fudella within North Carolina and this judicial district; this action arises out of Paylocity's promise to pay Fudella for services to be performed in North Carolina and this judicial district; this action arises out of services performed by Fudella for Paylocity in North Carolina and this judicial district and with the authorization of Paylocity; and the exercise of personal jurisdiction over Paylocity is consistent with Federal due process.

5. Venue is proper under 28 U.S.C. § 1391 in that Paylocity is, for purposes of venue, a resident of this judicial district, and a substantial part of the events and omissions giving rise to this action occurred within this judicial district.

## **FACTS**

6. Paylocity is engaged in the business of marketing and selling payroll and human resource management software and services.

7. On or about November 7, 2013, Paylocity hired Fudella as an Account Executive. In that capacity, Fudella's duties were to promote Paylocity's services and products and to sell such services and products to customers.

8. Paylocity compensated Fudella with a base salary plus commissions based on sales Fudella generated.

9. Throughout her employment with Paylocity, Fudella was an exemplary employee, and her performance was outstanding. She consistently ranked at or near the top among Account Executives in terms of sales generated.

10. For purposes of determining Account Executives' commissions, Paylocity's fiscal year ran from July 1 through June 30.

11. Attached as <u>Exhibit 1</u> is a copy of the Variable Compensation Plan ("the Compensation Plan") applicable to Fudella for her production from July 1, 2017, through June 30, 2018.

12. The Compensation Plan addresses both commissions and bonuses. With respect to bonuses, the Compensation Plan provides, "You must be employed by Paylocity at the time the bonus is paid to receive the bonus." The Compensation Plan contains no such restrictions on the payment of commissions. In fact, it is Paylocity's standard practice to pay commissions to separated sales personnel once such commissions are calculable.

13. Paylocity has no published, written policy which provides that Account Executives forfeit their right to receive commissions upon separation.

14. Paylocity's commissions to its Account Executives are calculated according to the monetary value of deals "submitted" by Account Executives. Commissions on submissions are not calculable and payable until and unless the customer at issue actually utilizes Paylocity's services/products; however, the responsibilities of the Account Executive end upon submission of the sale.

15. Fudella voluntarily resigned from her position with Paylocity on August 22, 2017.

16. From July 1, 2017, through the date of her resignation, Fudella submitted approximately $627,981.00 in sales.

17. Fudella was assured, on the date of her resignation, that she would be paid a commission based on all of the aforementioned submissions.

18. On August 24, 2017, Fudella emailed Paylocity Human Resources Manager Kate Grimaldi. That email asks, in relevant part, "Also, could you please send me something that ensures that I will be paid on the $630K that I submitted prior to my resignation?" The next day, Grimaldi responded, "In terms of your commission, anything that was completely submitted prior to leaving, will be paid out to you when they start. If they push, they will be paid out when they start." That email exchange is attached hereto as <u>Exhibit 2.</u>

3

4825-4340-4394, v. 1    Case 3:18-cv-00338-GCM   Document 1   Filed 06/26/18   Page 3 of 6

19. Fudella has been paid only a small fraction of the commissions due to her as a result of her $627,981.00 in submissions prior to her resignation.

20. Fudella cannot calculate with certainty the amount of commissions currently due to her as a result of her approximately $627,981.00 in submissions prior to her resignation; however; she estimates she is still owed approximately $126,809.83 in unpaid commissions – possibly more.

21. Fudella has made demand on Paylocity for payment of her unpaid commissions, to no avail.

## FIRST CLAIM – BREACH OF CONTRACT

22. Fudella and Paylocity had a valid and enforceable contract with respect to the terms and conditions of Fudella's employment, and specifically with respect to her compensation, including commissions.

23. Paylocity has breached its contract with Fudella by failing to pay her all commissions due to her.

## SECOND CLAIM – NORTH CAROLINA WAGE AND HOUR ACT

24. At all times relevant hereto, Fudella was Paylocity's employee, and Paylocity was Fudella's employer within the meaning of the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.*

25. Paylocity's failure to pay Fudella the commissions due to her constitute violations of the North Carolina Wage and Hour Act, including but not limited to the following provisions:

   a) § 95-25.6 requiring employers to pay every employee all wages due on the regular payday;

b) § 95-25.7 requiring employers to pay separated employees all wages due on or before the next regular payday following separation, or, with respect to commissions, on the first regular payday after the amount of such commissions becomes calculable;

c) § 95-25.7A requiring employers to pay employees all wages not subject to dispute; and

d) Other provisions as may be shown at trial.

26. Due to its violations of the North Carolina Wage and Hour Act, Paylocity is liable to Fudella for unpaid wages, liquidated damages, attorneys' fees and interest pursuant to N.C.G.S. § 95-25.22.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Fudella prays:

1. For judgment in her favor for all damages flowing from Paylocity's breach of contract;

2. For judgment in her favor for unpaid wages, liquidated damages, attorneys' fees and interest pursuant to the North Carolina Wage and Hour Act; and

3. All other relief which the Court may deem just and proper.

This, the 26th day of June, 2018.

                                          CRANFILL SUMNER & HARTZOG LLP

                                  By:    /s/ Benton L. Toups
                                                BENTON L. TOUPS
                                                N.C. State Bar No. 28910
                                                319 N. 3rd Street, Suite 300
                                                Wilmington, NC 28401
                                                Telephone: (910) 777-6000
                                                Facsimile: (910) 777-6111
                                                E-mail: btoups@cshlaw.com
                                                *Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

       I hereby certify that I electronically filed the foregoing **COMPLAINT** with the Clerk of Court using the CM/ECF system, and will deposit the foregoing documents in the U.S. Mail, for each said party as follows:

Paylocity Corporation
c/o CT Corporation System
160 Mine Lake Court
Suite 200
Raleigh, NC 27615

       This, the 26th day of June, 2018.

                                   CRANFILL SUMNER & HARTZOG LLP

                  By:   /s/ Benton L. Toups
                           BENTON L. TOUPS
                           N.C. State Bar No. 28910
                           319 N. 3rd Street, Suite 300
                           Wilmington, NC 28401
                           Telephone: (910) 777-6000
                           Facsimile: (910) 777-6111
                           E-mail: btoups@cshlaw.com
                           *Attorney for Plaintiff*

6

4825-4340-4394, v. 1  Case 3:18-cv-00338-GCM   Document 1   Filed 06/26/18   Page 6 of 6