IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00338

| | |
|---|---|
| AMBER FUDELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAYLOCITY CORPORATION, | ) |
| an Illinois Corporation | ) |
| | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

**Proceedings and Information Governed.**

1.      This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given or filed in this action that are designated by a party as "Confidential Information" or "Highly Confidential – Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.      For purposes of this Protective Order, the following definitions apply:

(a) "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection, including, but not limited to: (i)

any document or information that is not publicly available; (ii) strategic business plans (including financial projections, competitive strategy, global business and strategy plans, tax structure plans, and business or financial models); (iii) confidential financial information (including revenues, costs, expenditures, compensation, projections and profits); (iv) details of confidential business relationships (including bids, proposals, offers, sales and contact history, needs, contractual terms subject to non-disclosure provisions, mergers and acquisitions, divestitures, asset purchases, intellectual property and information concerning vendors, customers, prospective customers or accounts); (v) confidential technical information (including proprietary information, research and development efforts, information regarding product lines, manufacturing and operations, and technologies); (vi) trade secrets; (vii) any items or categories of items that are designated or defined as confidential in any agreement between the parties; or (viii) any correspondence or notice letters between the Parties and/or their counsel that describe or summarize the above "Confidential" items.

(b) "Highly Confidential – Attorneys' Eyes Only" Information or Items: "Confidential Information or Items" of a particularly sensitive nature that constitutes trade secrets or confidential business information such that heightened precautions must be taken with respect to their use or disclosure, including (without limitation) any correspondence or notice letters between the Parties and/or their counsel that describe or summarize "Confidential" items as set forth in paragraph 2(a).

(c) "Protected Material": any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

(d) "Non-Protected Material": Protected Material shall not include information that either:

(i) is in the public domain at the time of disclosure, as evidenced by a written document;

(ii) becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

(iii) the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

(iv) lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

3. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be designated before, or at the time, the material is disclosed or produced. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

Documents and things produced during the course of this litigation within the scope of paragraphs 2(a) and 2(b) above may be designated by the producing party as containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, designating the documents and things as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

**DEPOSITIONS**

A party may designate information disclosed at a deposition as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have twenty (20) court days after the transcript is available to all parties by the court reporter to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. If no such designation is made at the deposition or within this twenty (20) court day period (during which period, the transcript must be treated as Highly Confidential – Attorneys' Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Challenge to Designations.**

4. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) court days after receipt of a challenge

notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) court day time-frame, and after a conference between the parties, the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

5. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this action. Such Protected Material may be disclosed only to the categories of persons under the conditions described in this Order. When the action has been terminated, a receiving party must comply with the provisions of paragraph 12 below. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order shall limit any designating party's use or disclosure of its own documents or information

6. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "CONFIDENTIAL" only to:

> (a) the receiving party, if a natural person;
> (b) the receiving party's outside counsel and supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(c) if the receiving party is not a natural person, the officers, directors, and employees (including house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(d) experts of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound By Protective Order" (Exhibit A); and

(e) the Court and its personnel;

(f) court reports and their staffs;

(g) a jury;

(h) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(i) mock jurors, and any persons participating in a mock trial, who, prior to any disclosure of Protected Material to such person, have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A); and

(j) during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary, to the extent not covered by paragraph 6, and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), provided that the witness is either: (i) the author or recipient of the Protected Material, or was copied on the transmission of such Material, (ii) someone who has personal knowledge of the facts set forth in the Protected Material that will be presented to him; (iii) the

information was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be appropriately designated according to the provisions of paragraph 3.

7. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the receiving party's outside counsel and supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

(b) experts to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound By Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reports and their staffs;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during and/or in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary, to the extent not covered by paragraph 7, and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A), provided that the witness is either: (i)

the author or recipient of the Protected Material, or was copied on the transmission of such Material, or (ii) someone who has personal knowledge of the facts set forth in the Protected Material that will be presented to him. Provided, however, the witness shall not be permitted to retain any copies. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be appropriately designated according to the provisions of Paragraph 3; and

(g) if the receiving party is not a natural person, the in-house counsel of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

8. This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Protected Material produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Protected Material produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### Nonparty Information.

9. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

### Filing Documents With the Court.

10. If any party wishes to submit Confidential Information to the Court, the submission must be filed only under seal pursuant to the Court's administrative procedures for filing electronic documents.

**No Prejudice.**

11. Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

Unless otherwise ordered or agreed in writing by the producing party as set forth further below, within sixty (60) days after the final termination of this action, each receiving party must return all protected material to the producing party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the designating party, the receiving party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the receiving party must submit a written certificate to the producing party (and, if not the same person or entity, to the designating party) by the sixty

(60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

## Other Proceedings.

12. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated as Protected Material pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## Remedies.

13. It is Ordered that this Protective Order will be enforced by orders as may be available to the presiding judge. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

## Inadmissibility

14. Unless the parties agree otherwise, evidence of the existence or nonexistence of a designation under this Order is inadmissible for any purpose during any proceedings on the merits of this action.

## Privilege Waiver

15. Neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. A party who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall give written notice to counsel for the receiving party. Immediately upon receipt of such notice, and without further substantive review of the document, the receiving party shall return or destroy all copies of the document and provide written notice of such action, even if the receiving party disputes the assertion of privilege.

**Right to Further Relief**

16. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

SO ORDERED.

Signed: October 9, 2018

Graham C. Mullen
United States District Judge

AGREED:

BY:   */s/ Brian Mead*

**MCDERMOTT WILL & EMERY**

Brian Mead
*Admitted pro hac vice*
444 West Lake Street, Suite 4000
Chicago, Illinois 60606-0029
Phone: (312) 984-6908
Fax: (312) 984-7700
Email: bmead@mwe.com

ATTORNEY FOR DEFENDANT


BY:  */s/ Benton L. Toups*
Benton L. Toups
N.C. State Bar No. 28910
CRANFILL SUMNER & HARTZOG LLP
319 N. 3rd Street, Suite 300
Wilmington, NC 28401
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail: btoups@cshlaw.com

ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:18-CV-00338

| | |
|---|---|
| AMBER FUDELLA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAYLOCITY CORPORATION, | ) |
| an Illinois Corporation | ) |
| | ) |
| Defendant. | ) |

I, [print or type full name], of [print or type full address], swears or affirms and states under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the District Court for the Western District of North Carolina, on_____, 2018 in *Amber Fudella v. Paylocity Corporation*, Civil Action No. 3:18-cv-00338. I agree to comply with and be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to civil liability or to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the Western District of North Carolina, for purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination in this action.

_____
Signed

_____
Printed Name

_____
Date